# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SUSAN WASKO, BAR NO. 3840.

No. 73162

**FILED**

OCT 24 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER IMPOSING STAYED SUSPENSION WITH CONDITIONS*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Susan Wasko for six months and one day based on violations of RPC 8.1(b) (bar admission and disciplinary proceedings) and SCR 79 (disclosures by members of the bar). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The facts and charges alleged in the complaint are deemed admitted because Wasko failed to answer the complaint and a default was entered.[1] The admitted facts establish that Wasko violated the above-referenced rules by failing to keep a current address with the State Bar and by failing to respond to the State Bar's lawful requests for information.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive.

---

[1]The State Bar sent the bar complaint, the notice of intent to take a default, the order appointing the chair, and the request for entry of default to Wasko through regular and certified mail at her SCR 79 address and an alternate address. Wasko was also personally served a copy of the default, a notice of the default hearing, and the State Bar's summary of evidence and designation of witnesses.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-36503

*In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Wasko knowingly or intentionally violated duties owed to the profession, which harmed the integrity of the profession as it depends on a self-regulating disciplinary system. Absent aggravating and mitigating circumstances, suspension is the baseline sanction for the most serious misconduct in this matter—the violation of RPC 8.1(b). Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2015) (suspension is baseline sanction for knowingly failing to cooperate with a disciplinary investigation); *see also id.* at 452 ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."). The record supports the panel's finding of no mitigating circumstances and four aggravating circumstances (pattern of misconduct, prior disciplinary offense, substantial experience in the practice of law, and multiple offenses). Considering all of these circumstances, we agree with the hearing panel that Wasko's misconduct warrants a suspension. We conclude, however, that a three-month suspension is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Susan Wasko from the practice of law in Nevada for a period of three months. The suspension shall be stayed on the following conditions: within 90 days from the date of this order, Wasko must (1) provide proof that she has satisfied the CLE and cost award requirements set forth in, or associated with, the public reprimand issued on January 25, 2013, and (2) pay the costs of the current disciplinary proceedings, including $2,500 under SCR 120. The parties shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Chair, Northern Nevada Disciplinary Panel
Susan Nancy Wasko
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court